IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CHARLES PURDY, as personal representative of the Estate of PRESTEN E. MITCHAM, for and on behalf of (i) THE ESTATE OF PRESTEN E. MITCHAM, (ii) SHANNON E. MITCHAM, surviving mother, (iii) LANDEN E. MITCHAM, TRISHA L. MITCHAM, surviving adult siblings of PRESTEN E. MITCHAM,**

      Plaintiff,

      vs.                                                             No. 09cv139 MCA/ACT

**B.J. SERVICES COMPANY, a Delaware corporation, JOHN DOE, employee of B.J. Services, CONOCOPHILLIPS COMPANY, a Delaware corporation,**

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on *Plaintiff's Motion to Remand* [Doc. 10], filed March 3, 2009. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court denies the motion.

**I. BACKGROUND**

On September 12, 2008, decedent Presten Mitcham was at work for his employer, defendant B.J. Services Company, doing nitrogen-injection operations, when an allegedly defective tanker exploded. Presten Mitcham was struck by debris from the explosion, and died as a result of the injuries he sustained.

On November 17, 2009, Charles Purdy, as Personal Representative of the Estate of Presten Mitcham ("the Estate"), filed a *Complaint for Damages Arising from Wrongful Death* in the First Judicial District Court, County of Santa Fe, State of New Mexico. As defendants, the Estate named (1) B.J. Services Company; (2) ConocoPhillips Company, the leaseholder and general contractor for the location where the events in question took place; and (3) "John Doe," Presten Mitcham's alleged supervisor at B.J. Services. [See Doc. 1; Exh. A, attached *Complaint*].

According to the Estate, the John Doe defendant, who was Presten Mitcham's supervisor, allowed a nitrogen tanker, which he knew to be in damaged, defective, and dangerous condition due to a safety-valve failure, to be put into working use. [Doc. 1; Exh. A, attached *Complaint* at 6]. When a nitrogen injection was attempted, extreme pressure accumulated in the tanker and a major explosion followed. Debris from the explosion struck Presten Mitcham with extreme force and violence, causing such severe lacerations to his face and chest that one of his lungs was left protruding from his chest. He later died. [Id.; Exh. A, attached *Complaint* at 6, 9].

On February 12, 2009, ConocoPhillips removed the matter to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446. ConocoPhillips argues that removal is proper because Presten Mitcham was a resident and a citizen of the State of New Mexico; ConocoPhillips is, for diversity purposes, a citizen of Delaware and Texas; and B.J. Services Company is similarly a citizen of Delaware and Texas. [Doc. 1 at 2-3]. ConocoPhillips also represents that the amount in controversy exceeds $75,000. [Id.].

On March 3, 2009, the Estate moved to remand, arguing that the presence of the John Doe defendant destroys complete diversity, and that there is sufficient information in the *Complaint* for the defendants to be able to discern the identity of "John Doe," who "[u]pon information and belief," will ultimately be shown to be a New Mexico citizen. [Doc. 10 at 4]. Among the allegations the Estate believes should identify the John Doe defendant to ConocoPhillips and B.J. Services are that he (1) is a supervisory employee of B.J. Services who was advised by a mechanic as to the "damaged, defective and dangerous" condition of the tanker that exploded; (2) willfully failed to "flag" the tanker and, instead, had the tanker returned to service before leaving on vacation; and (3) required Presten Mitcham to work in and around the defective tanker. [Doc. 10 at 2-3]. The Estate contends that these and other allegations included in the *Complaint* are sufficient to put "all Defendants . . . on notice regarding the John Doe Defendant's true identity[,]" and that the issue at the moment is simply that the Estate does not know his name. [Id. at 5]. According to the Estate, "discovery will reveal that 'John Doe' is a citizen of the State of New Mexico[,]" at which time complete diversity will be destroyed. [Id. at 4].

ConocoPhillips and B.J. Services disagree with the Estate's reasoning, pointing to the plain language of the removal statute that directs courts to disregard, for purposes of removal, the citizenship of defendants sued under fictitious names. [Doc. 11 at 1].

**II. ANALYSIS**

    **A. Removal and Remand**

        **1. Diversity of Citizenship**

Pursuant to 28 U.S.C. § 1332, "district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States . . . ."  28 U.S.C. § 1332(a).  An action initially brought in a state court may be removed to a federal district court pursuant to the authority set forth in 28 U.S.C. § 1441, which states that

> [e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.  *For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.*

28 U.S.C. § 1441(a) (emphasis added).

As previously explained, the Estate urges remand on the ground that diversity does not exist because "[u]pon information and belief," "John Doe" will be revealed during discovery to be a citizen of the State of New Mexico.  The Estate further contends that while the Estate does not *now* know "John Doe's" real name, the defendants *do* know his identity and should not benefit from the fact that the Estate "is not in a position" to possess this information. [Doc. 10 at 4, 5].

4

The Tenth Circuit has called "without merit" the argument that the naming of ten "John Does" barred removal because "the unknown citizenship of the 'John Does' destroyed complete diversity." Australian Gold, Inc. v. Hatfield, 436 F.3d 1228, 1235 (10th Cir. 2006). In Hatfield, the Tenth Circuit joined the Sixth and Seventh Circuits in holding, "consistent with the text of 28 U.S.C. § 1441(a), that the citizenship of 'John Doe' defendants should be disregarded when considering the propriety of removal under 28 U.S.C. §§ 1441(a) and 1332." Id.

More recently, the Honorable James O. Browning of the United States District Court for the District of New Mexico relied on Hatfield in rejecting the same argument that the Estate promotes here—that the citizenship of defendants sued under fictitious names *should not* be disregarded for removal purposes in situations where "'[John Doe]' is not a fictitious individual [but is] somebody whose name just [is] not known." Thompson v. Golden Corral Corp., 2008 WL 4093716, at *4 (D.N.M. April 1, 2008). In Thompson, a personal-injury action was brought against a restaurant by a patron (Donna Thompson) who fell in the restaurant's parking lot. Ms. Thompson also named as a John Doe defendant the manager of the "restaurant where this incident arose at the time." Id. at *1. The restaurant was a North Carolina corporation with its principal place of business in that State, and Ms. Thompson was a citizen of the State of New Mexico, as was the John Doe defendant at the time of the accident. Id.

Discovery ultimately revealed the name of the manager (David Kozak), as well as the fact that Mr. Kozak was a New Mexico resident on the date Ms. Thompson filed her state-

court complaint, although he had moved to Louisiana by the time the complaint was served and when the matter was removed.  However, Ms. Thompson argued that (1) the court was obligated to inquire into Mr. Kozak's domicile both as of the time the complaint was filed and at the time of removal; and (2) even though Mr. Kozak was identified as "John Doe" in the complaint, he "was not a defendant sued under a fictitious name, but rather 'was a defendant who was sued whose name was not known, and there is a big difference.'" Thompson, 2008 WL 4093716, at *4 (*quoting* hearing transcript).

In support of her position, Ms. Thompson turned to Brown v. TranSouth Fin. Corp., a fraud action in which the United States District Court for the Middle District of Alabama concluded that "when a plaintiff's allegations give a definite clue about the identity of the fictitious defendant by specifically referring to an individual who acted as a company's agent, the court should consider the citizenship of the fictitious defendant."  Brown v. TranSouth Fin. Corp., 897 F.Supp. 1398, 1401 (M.D.Ala. 1995).  The court reasoned that

> [defendant] TranSouth knew or should have known of the fictitious defendant's identity, because [she] was employed by TranSouth and acted as an agent of the lender on the transaction in question. It would be unfair to force the plaintiffs from their state court forum into federal court by allowing TranSouth to plead ignorance about the defendant-employee's identity and citizenship when TranSouth was in a position to know that information.

Id. at 1401-02.

Because, however, "the Tenth Circuit has precluded courts from disregarding the plain language of 28 U.S.C. § 1441(a)," Judge Browning declined to craft the Brown-like

6

exception urged by Ms. Thompson.  <u>Thompson</u>, 2008 WL 4093716, at *10.

Nor did Judge Browning consider the distinction between a defendant sued under a fictitious name and a defendant whose name was not known to be a meaningful one. <u>Thompson</u>, 2008 WL 4093716, at *10.  Instead, Judge Browning rejected Ms. Thompson's attempt to distinguish Mr. Kozak, a "known" individual, from a "literally . . . fictitious individual," reasoning that Congress did not specify "fictitious individuals" in 28 U.S.C. § 1441 but, rather, "defendants 'sued under *fictitious names*. . . .'" <u>Id.</u> at *8 (emphasis original to <u>Thompson</u>).  When Ms. Thompson filed her complaint, she sued Mr. Kozak under a fictitious name.  <u>Id.</u>

Given (1) the plain language of § 1441(a); (2) <u>Hatfield</u>'s directive "that the citizenship of "John Doe" defendants *should* be disregarded when considering the propriety of removal under 28 U.S.C. §§ 1441(a) and 1332[;]" and (3) the fact that Mr. Kozak continued to be sued as "John Doe" at the time of removal, notwithstanding that his identity might have been made known,  Judge Browning concluded that Mr. Kozak's citizenship was properly disregarded, complete diversity existed between Ms. Thompson and the restaurant, and diversity jurisdiction existed.  <u>Thompson</u>, 2008 WL 4093716, at *8, *10.

The same reasoning informs this Court's decision to disregard the citizenship of the John Doe defendant here.  As an initial matter, the Court notes that this case is different from <u>Thompson</u> and <u>Brown</u> inasmuch as even if, as the Estate asserts, the identity of the John Doe defendant is known to B.J. Services and/or ConocoPhillips, his identity is not currently known to the Court, which, unlike the courts in <u>Thompson</u> and <u>Brown</u>, therefore has no way

7

of satisfying itself at this point in time that "John Doe" is or is not a citizen of the State of New Mexico.  See Thompson, 2008 WL 4093716, at *2 (plaintiff learned of John Doe defendant's identity as of time she filed her motion to remand; identity therefore known to court at time it resolved remand motion); Brown, 897 F.Supp. at 1401 (where court found that "plaintiffs proceeded 'in a reasonably diligent manner in determining the true identity of the [fictitious] defendant,' prior to commencing this action.").  Additionally, as was the case in Thompson, even if the identity of the John Doe defendant is known to the named defendants here, he nevertheless continues to be sued under a fictitious name.  Once again, the Tenth Circuit has specifically held, "consistent with the text of 28 U.S.C. § 1441(a), that the citizenship of 'John Doe' defendants *should be disregarded* when considering the propriety of removal under 28 U.S.C. §§ 1441(a) and 1332."  Hatfield, 436 F.3d at 1235 (emphasis added).  When the citizenship of the John Doe defendant here is disregarded, there exists complete diversity between the Estate and B.J. Services and ConocoPhillips and, therefore, diversity jurisdiction in this Court.

## III. CONCLUSION

On the basis of the foregoing, the Court concludes that diversity jurisdiction exists. For that reason, *Plaintiff's Motion to Remand* will be denied.

**IT IS, THEREFORE, ORDERED** that *Plaintiff's Motion to Remand* [Doc. 10] is **DENIED**.

**SO ORDERED** this 2nd day of June, 2009, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge